**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GREGORY J. WRENN,

    Plaintiff,

v.

BOY SCOUTS OF AMERICA,

    Defendant.

No. C 03-04057 JSW

**NOTICE OF QUESTIONS RE MOTION TO LIFT STAY**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON MAY 11, 2007 AT 9:00 A.M.:

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The parties shall each have ten minutes to address the following questions:

1. The parties stipulated to stay this action because it "involves the same parties and many of the same questions of law and fact as the proceeding before the TTAB" and "there may be conflicting judgments if both the TTAB proceeding and the action before this Court go forward at the same time." (Stipulation to Stay at 2.) In a filing before this Court, Plaintiff Wrenn notified this Court that his pending trademark registration application before the TTAB "involves a material part of the same subject matter raised in this action" and that "the purposes of judicial economy and convenience of the parties may best be served by a stipulated or Court-ordered stay of this action pending resolution of the TTAB matter, which will address many of the factual and legal issues that overlap that action and the present matter before this Court." (Notice of Pendency of Other Action or Proceeding at 1, 2.)

   What, beside the passage of time, has changed since the parties stipulated to stay this action pending resolution of the dispute over the trademarks before the Trademark Trial and Appeal Board ("TTAB")? Does the passage of time alone constitute good cause to lift the stay? What is the urgency?

2. Should the Court lift the stay, what issues could be adjudicated in this forum while the TTAB proceedings remain active? Is there not a good possibility of conflicting judgments as the parties anticipated in their stipulation?

3. Is there anything the parties or this Court can do to prompt the TTAB to address the pending matter there? *Cf* N.D. Cal. Civ. L.R. 7-13.

4. Do the parties have anything further they wish to address?

**IT IS SO ORDERED.**

Dated: May 7, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE