IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY J. WRENN,<br><br>    Plaintiff,<br><br>    v.<br><br>BOY SCOUTS OF AMERICA,<br><br>    Defendant.<br>_____/ | No. C 03-04057 JSW<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF ORDER GRANTING MOTION TO LIFT STAY** |

Now before the Court is the motion for leave to file a motion for reconsideration filed by Defendant Boy Scouts of America. Defendant requests reconsideration of the Court order issued on August 28, 2007, granting Plaintiff's motion to lift the stay. Having carefully reviewed Defendant's papers and considered the relevant legal authority, and good cause appearing, the Court hereby DENIES Defendant's motion for leave to file a motion for reconsideration.

A motion for reconsideration may be made on one of three grounds: (1) a material difference in fact or law exists from that which was presented to the Court, which, in the exercise of reasonable diligence, the party applying for reconsideration did not know at the time of the order; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments presented before entry of the order. Civ. L.R. 7-9(b)(1)-(3). In addition, the moving party may not reargue any written or oral argument previously asserted to the Court. Civ. L.R. 7-9(c).

1    Defendant moves for reconsideration for the Court to consider dispositive legal
2 arguments that it failed to consider initially with regard to the motion to lift the stay.  Defendant
3 claims that under *Dickinson v. Zurko*, 527 U.S. 150, 152 (1999), the Court should apply the
4 abuse of discretion standard of review to factual findings rendered by the Trademark Trial and
5 Appeal Board ("TTAB"), as with any other administrative agency.  Although the present case
6 does not come to the Court from an appeal of the TTAB's decision, the Court intends to accord
7 due deference to the factual findings made by the TTAB in the related matter.  However,
8 because of the significant delay in the administrative proceedings, the Court has lifted the stay
9 of this action.

10   The authority cited in Defendant's motion for reconsideration clearly states that it is
11 within the district court's broad discretion to determine whether a stay is advisable under the
12 circumstances.  *Citicasters Co. v. Country Club Communications*, 1997 U.S. Dist. LEXIS
13 17238, at *4-5, 44 U.S.P.Q.2d (BNA) 1223 (C.D. Cal. 1997), citing *Clinton v. Jones*, 137 L. Ed.
14 2d 945 (1997).  The *Clinton* Court specifically recognized that a stay may be acceptable where
15 the court properly takes into account the effect of delay and the stage of proceedings.  *Id.*

16   Here, although the Court initially determined that granting the parties' stipulated stay of
17 this matter was the most efficient course, the passage of several years without final
18 administrative decision has undermined the Court's initial determination.

19   Accordingly, Plaintiff's motion for leave to file a motion for reconsideration is
20 DENIED.  In addition, the Court sets a further case management conference in order to proceed
21 with this matter for November 2, 2007 at 1:30 p.m.  A joint case management statement shall be
22 filed no later than October 26, 2007.

24   **IT IS SO ORDERED.**

26 Dated: September 17, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2