IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GREGORY J. WRENN,

    Plaintiff,

v.

BOY SCOUTS OF AMERICA,

    Defendant.
                                       /

No. C 03-04057 JSW

**NOTICE OF TENTATIVE RULING AND QUESTIONS**

        TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON OCTOBER 10, 2008 AT 9:00 A.M.:

        The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with reference to pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein.

The Court **tentatively GRANTS IN PART AND DENIES IN PART** BSA's motion for judgment on the pleadings; **GRANTS** BSA's motion for summary judgment and **DENIES** Wrenn's motion for summary judgment.

The parties shall each have fifteen minutes to address the following questions:

1. The parties argue about the Boy Scouts of America's ("BSA") and Plaintiff's rights to the use of the term SCOUT or SCOUTING in their respective marks.

   a. Does the Court adjudicate the parties' dispute using the traditional rubric of a trademark infringement analysis or does the Court adjudicate the dispute by reference to the rights bestowed upon the BSA by receipt of a Congressional charter?

   b. Does the BSA intend only to introduce the charter as "evidence of the strength and fame of the Boy Scouts and its marks"? (*See* BSA MSJ Reply at 7 n.13.) Why aren't the protection afforded by the charter sufficient to remove this case from the traditional infringement analysis? (*See, e.g., Boy Scouts of America v. Teal*, 374 F. Supp. 1276, 1281 (E.D. Penn. 1974).)

   c. Does the anti-dissection analysis apply to the rights given to BSA under the charter? *See Girl Scouts of the United States of America v.* Hollingsworth, 188 F. Supp. 707, 715 (E.D.N.Y. 1960) (granting protection to Girls Scouts of American over term 'Scout" due to Congressional charter); *but see Adolph Kastor & Bros. v. Fed. Trade Comm'n*, 138 F.2d 824, 826 (9th Cir. 1943) ("there might be some question whether the word, 'Scout,' taken by itself, was within the clause 'words of phrases ... used by the Boys Scout of American in carrying out its program.' True, it is part of 'words and phrases' so used; but whether the statute meant to go so far as to protect a single word broken from its context, might be open to debate.")

   d. On what legal basis does Plaintiff contend that the cases cited by BSA rendering their words or phrases as protected marks under the charter are "inapposite because they involve situations where a commercial entity used marks or emblems on merchandise rather than competing scouting groups"? (*See* MSJ Opp. Br. at 5 n.7.) Is that a distinction without a difference?

   e. Does the language of the BSA's Congressional charter differ in a legally significant way from the language of the charter granted to the United States Olympic Committee over the specific term "Olympic" versus the unspecified term, "words and phrases"?

2. Under a traditional infringement analysis, both parties argue the anti-dissection rule applies to bar analysis of any of the component parts of the marks independently. The Court does not render advisory opinions about whether a portion of disputed marks is generic. *See Self-Realization Fellowship Church v. Ananda Church of Self-Realization*, 59 F.3d 902, 912 (9th Cir. 1995). What are the marks the Court must analyze? Is it YOUTHSCOUTS versus BOY SCOUTS OF AMERICA (and CUB SCOUTS and EAGLE SCOUT)?

3. How should the Court treat the BSA's disclaimer of the term "scout" in its 'VARSITY SCOUT' mark? How should the Court treat the Patent and Trademark Office's denial of registration for 'SCOUTING/TV'?

4. Do the parties have anything further they wish to address?

**IT IS SO ORDERED.**

Dated: October 8, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE